IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00541-MR

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BEN CARVER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.    BACKGROUND**

The pro se Plaintiff, who is presently a pretrial detainee at the Mecklenburg County Jail, filed this action pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Marion and Scotland Correctional Institutions.[1] [Doc. 1]. The Plaintiff names as Defendants in their individual and official capacities: Ben Carver, the Marion CI warden;

---

[1] The Scotland CI is located in Scotland County, in the Middle District of North Carolina. The Plaintiff claims that the incidents began at Marion CI and continued at Scotland CI. [Doc. 1 at 4]; see generally 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred….").

Saint T. Tapp, a Marion CI unit manager; David E. Cothron, the Marion CI assistant superintendent of programs; and Dean Locklear and Katy Poole, Scotland CI facility administrators. The Plaintiff claims that the Defendants failed to release him from custody after the North Carolina Supreme Court vacated his criminal convictions in December 2020, and continued to hold him until August 2021, without serving him with a notice of his rights or a detainer. [Id. at 12-14]; see State v. Crump, 376 N.C. 375, 851 S.E.2d 904 (Dec. 18, 2020) (reversing Mecklenburg County Superior Court convictions for assault with a deadly weapon with intent to kill, possession of a firearm by a convicted felon, and conspiracy to commit armed robbery).

As injury, the Plaintiff claims that he had to protect himself from "great bodily harm" while he remained in maximum custody; that he sustained bruises and minor cuts; that he suffered severe mental and emotional distress; and that he now receives treatment for Major Depressive Disorder and Post Traumatic Stress Disorder. [Id. at 5]. He seeks compensatory and punitive damages, legal fees,[2] any other relief the Court deems just and equitable. [Id.].

---

[2] It is unclear why the Plaintiff is seeking legal fees, as he is presently unrepresented.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Official Capacity Claims

The Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's § 1983 claims for damages against Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

## B. Due Process Claims

The Fourteenth Amendment Due Process Clause protects individuals from states that would "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). To establish a procedural due process violation under § 1983, a plaintiff must show that he has been deprived of a cognizable liberty interest, and that such deprivation occurred without adequate procedural protections. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). A plaintiff asserting a § 1983 substantive due process claim must allege both the deprivation of a cognizable liberty interest, and that the deprivation of this interest was "arbitrary in the constitutional sense." Callahan v. N. Carolina Dep't of Pub. Safety, 18 F.4th 142, 145-46 (4th Cir. 2021) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)).

Taking the allegations as true and construing all inferences in the Plaintiff's favor, the due process claims pass initial review in that they are not clearly frivolous.

## C. Equal Protection

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To establish an equal protection violation, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Here, the Plaintiff's equal protection claim is too vague and conclusory to state a claim. He does not allege that he was treated differently from anyone else who was similarly situated, or that such was done with a discriminatory motive. His bald citation to the Equal Protection Clause is insufficient. Therefore, his equal protection claim is dismissed without prejudice.

### D. Supplemental Jurisdiction

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

The Plaintiff appears to assert that the Defendants were negligent under North Carolina law by continuing to hold him on a vacated sentence. [See, e.g. Doc. 1 at 12 (referring to "overt negligence")]. The negligence claims appear to be related to the Plaintiff's federal claims that have passed initial review, and the Court will exercise supplemental jurisdiction over them at this time.

## IV. CONCLUSION

For the foregoing reasons, the Complaint passes initial review on the Plaintiff's § 1983 due process claims against Defendants Carver, Tapp, Cothron, Locklear, and Poole, and the Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina negligence claims against

7

them. The § 1983 claims for damages against the Defendants in their official capacities are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint passes initial review on the Plaintiff's § 1983 due process claims against Defendants Carver, Tapp, Cothron, Locklear, and Poole, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina negligence claims against them.

2. The § 1983 claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Carver, Tapp, Cothron, Locklear, and Poole, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

8

Case 3:22-cv-00541-MR   Document 9   Filed 01/25/23   Page 8 of 9

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED**.

Signed: January 25, 2023

Martin Reidinger
Chief United States District Judge