IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00541-MR

| | | |
|---|---|---|
| **RAMAR DION BENJAMIN CRUMP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **BEN CARVER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Adult Corrections' (NCDAC) sealed Notice [Doc. 16] regarding the Court's Request for Waivers of Service [see Doc. 11].

The Complaint passed initial review against Defendants Ben Carver, Saint T. Tapp, David E. Cothron, Dean Locklear, and Katy Poole, and the Court initiated the procedure for waiver of service. [Doc. 9]. Service waivers have been filed for all of the Defendants except Defendant Poole. [Doc. 19]. NCDAC is unable to waive service for Defendant Poole, who is no longer employed with NCDAC; it has provided this Defendant's last known address under seal. [See Doc. 16].

The Clerk will be directed to notify the U.S. Marshal that Defendant Poole needs to be served with the summons and Complaint in accordance

with Rule 4 the Federal Rules of Civil Procedure. If Defendant Poole cannot be served at the address provided by NCDAC, the U.S. Marshal shall be responsible for locating her home address so that she may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Poole, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home address to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendant Katy Poole.** If the U.S. Marshal is unable to obtain service on Defendant Poole, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

The Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Sealed Notice containing Defendant Poole's last known address [Doc. 16], and this Order to the U.S. Marshal.

**IT IS SO ORDERED.**

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge