IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00541-MR

| RAMAR DION BENJAMIN CRUMP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| BEN CARVER, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants Ben Carver, David E. Cothron, Dean Locklear, Katy Poole, and Saint T. Tapp's Motion to Dismiss. [Doc. 27]. Also pending is the Plaintiff's pro se "Request for Injunction." [Doc. 31].

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Mecklenburg County Jail, complaining of incidents that allegedly began at the Marion Correctional Institution and at the Scotland Correctional Institution.[1] The Complaint passed initial review

---

[1] The Scotland CI is located in the Middle District of North Carolina. [See Doc. 9 at 1, n.1]. The Plaintiff is presently incarcerated at the Foothills Correctional Institution in the Western District of North Carolina.

on the Plaintiff's due process claims against: Ben Carver, the warden of Marion CI; Saint Tapp, a unit manager at Marion CI; David Cothron, the assistant superintendent of programs at Marion CI; and Dean Locklear and Katy Poole, facility administrators at Scotland CI. [Doc. 9]. The Court exercised supplemental jurisdiction over the Plaintiff's North Carolina negligence claims against the Defendants. [Id.].

The Defendants have now filed a Motion to Dismiss the Complaint pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. [Doc. 27]. The Plaintiff was informed of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 29]. The Plaintiff filed a Response [Doc. 32], and the time to reply has expired.

Also pending is the Plaintiff's "Request for Injunction" [Doc. 31], in which he asks the Court to enjoin his present prison facility from delaying and reviewing his outgoing legal mail.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v.

2

B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). Moreover, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). "A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

A defendant may raise a "facial challenge" to subject matter jurisdiction by asserting "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). When a defendant makes a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6)" motion. Id. Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), the central issue for resolving a motion to dismiss is whether the complaint states a plausible

claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.

Although the Court accepts well-pled facts as true, the Court is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. Namely the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

4

(2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that the North Carolina Supreme Court vacated his "active sentence" on December 18, 2020, while he was incarcerated in the NCDAC.[2] [Doc. 1 at 5, 12-14]; see State v. Crump, 376 N.C. 375, 851 S.E.2d 904 (Dec. 18, 2020) (reversing Mecklenburg County Superior Court convictions for assault with a deadly weapon with intent to kill, possession of a firearm by a convicted felon, and conspiracy to commit armed robbery). The Plaintiff further alleges that, between December 18, 2020 through July 2021, there were no warrants, charges, or notice of reinstatement of charges, and there was no appeal by the State. [Doc. 1 at 14]. During that time, the Defendants knew or should have known that he was eligible for release as of December 18, 2020. [Id. at 12-13]. However, they did not investigate his right to release, or serve him with a notice of his rights or a detainer. [Id.].

---

[2] Formerly the North Carolina Department of Public Safety (NCDPS).

5

Case 3:22-cv-00541-MR   Document 33   Filed 02/07/24   Page 5 of 16

The Plaintiff alleges that he informed Defendant Tapp in mid-January 2021 that the sentence had been vacated, and provided him with copies of the state court order, certification, and docket sheet, but that Tapp failed to forward the matter to his supervisors; that Defendant Cothron was informed of the issue by his subordinates at the Plaintiff's behest around that same time, but Cothron failed to speak to the Plaintiff, inquire into the matter, or inform his superiors; that the Plaintiff informed Defendant Carver of the matter via a letter that received no response; that Defendant Locklear was presented a copy of the court order when the Plaintiff arrived at Scotland CI on March 19, 2021, but he did not speak to the Plaintiff or inquire into the matter, and said to "just let Raleigh handle it"; and that Poole should have known that the Plaintiff was entitled to release, but never served him with a notice of detainer or notice of prisoner's rights to proceed. [Id. at 12-14].

The Plaintiff claims that "[e]ach Defendant was a state actor for which the State of North Carolina was responsible for, who purported to act on behalf of the State in serving a government function, and whom each in acting out their function were willful participants in joint action with one another in depriving plaintiff of his constitutional right to Due Process…." [Id. at 13].

The Plaintiff claims that his "false imprisonment" past the date he should have been released from custody caused various injuries, including: severe mental and emotional distress; Major Depressive Disorder and Post Traumatic Stress Disorder that require treatment; bruises and minor cuts; and dangerous conditions in maximum custody. [Id. at 5].

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action to further the efficient administration of justice. Id.

7

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law ... requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Because exhaustion of administrative remedies is an affirmative defense, defendants have the burden of pleading and proving lack of exhaustion. Id. at 216.

A prisoner, however, need only exhaust those remedies actually available to him. Ross v. Blake, 578 U.S. 632, 635 (2016). "Available" means "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." Id. at 642 (internal quotation marks and citation omitted). Exhaustion is excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). The Plaintiff, however, must show that administrative remedies were not available. Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011).

8

Case 3:22-cv-00541-MR   Document 33   Filed 02/07/24   Page 8 of 16

Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

Here, the NCDAC's Administrative Remedies Procedures (ARP) establishes a three-step procedure governing submission and review of inmate grievances. Moore, 517 F.3d at 721. Inmates are required to exhaust administrative remedies with the NCDAC in accordance with ARP. Id. An inmate does not exhaust his administrative remedies with the NCDAC until he completes all three steps of the ARP. Id.

In support of the Motion to Dismiss, the Defendants assert that the Plaintiff was aware that he was required to exhaust his administrative remedies, and that the Plaintiff admitted in his Complaint that he failed to do so before commencing this action. [Doc. 28 at 27; see Doc. 1 at 6-8]. The Defendants do not address, let alone refute, the Plaintiff's allegation that he failed to exhaust through no fault of his own because, inter alia: he was told that any grievance would not be processed if filed; and the ARP cannot be used to address sentencing challenges. [Doc. 1 at 8; Doc. 32 at 6-7]. As such, the Plaintiff has sufficiently alleged that, through no fault of his own, he

9

was prevented from availing himself of otherwise available administrative remedies. See Moore, 517 F.3d at 725. The Court, therefore, will deny the Defendants' Motion to Dismiss for lack of exhaustion. See, e.g., McClary v. Kalinski, No. 5:18-cv-00102-MR, 2019 WL 3956150, at *3 (W.D.N.C. Aug. 21, 2019) (denying defendant's motion to dismiss where plaintiff claimed that he attempted to file a grievance but that it "got ripped up" by a staff member).

## B. Standing

A dispute is not a case or controversy if the plaintiff lacks standing. Raines v. Byrd, 521 U.S. 811, 818 (1997). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)). In other words, a plaintiff must have a sufficient "personal stake in the alleged dispute" and have a particularized injury that a court can remedy. Raines, 521 U.S. at 819 (internal quotation marks and citation omitted).

The Defendants seek dismissal under Rule 12(b)(1) because the "Moving Defendants do not determine where inmates are housed or when they are released from State custody." [Doc. 28 at 12]. The Defendants

10

argue that, because they lacked the authority to release the Plaintiff from custody, they did not cause him any injury, and any injury that Plaintiff may have suffered is not redressable in this lawsuit.³ [Id. at 12-13].

The Plaintiff does not allege in the Complaint that any Defendant had the authority to release him from incarceration. [See generally Doc. 1]. He presently argues that the Defendants had a "responsibility" to ensure that he was timely released from prison as "reasonable jailers." [Doc. 32 at 1-5]. In support of this argument, he cites North Carolina law,⁴ the state court Order vacating his conviction, and general supervisory liability and negligence principles. [Id.]. He does not, however, clearly allege facts demonstrating that the Defendants actually had the ability to release him. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) ("Where … a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element [of Article III standing].") (citation and internal quotation marks omitted); see also

---

³ The Defendants also argue that the Plaintiff failed to demonstrate that he was injured from being held in NCDAC instead of at MCJ. [Doc. 28 at 9-10]. The Court disagrees with the Defendants' characterization of the Plaintiff's claim. The Court interprets the Complaint as claiming overincarceration, not incarceration at the wrong location. [See Doc. 1 at 12-13 (referring to false imprisonment and the right to immediate release)]. This claim does not warrant further discussion, however, because the Court nevertheless concludes that the Plaintiff has failed to demonstrate standing.

⁴ The Plaintiff cites N.C. Gen. Stat. § 15-10.1, which addresses detainers; § 15a-711(c), which addresses the right to request a speedy trial on a detainer; and § 7A-27(a), which addresses appeals that lie directly in the North Carolina Supreme Court.

N.C. Gen. Stat. Ann. § 148-4 ("[t]he Secretary of the Department of Adult Correction shall have control and custody of all prisoners serving sentence in the State prison system….").

The Plaintiff's vague and conclusory allegations that the Defendants *should have* acted pursuant to their general responsibilities as jailers, but failed to do so, are insufficient. Id. The Plaintiff has, therefore, failed to demonstrate causation or redressability and the Defendants' Motion to Dismiss will be granted for lack of standing. See Wright & Miller 13A Fed. Prac. & Proc. Juris. § 3531.5 (3d ed.) ("Causation may provide one of the useful means of addressing the question whether the plaintiff has sued the proper defendant…. If this defendant has not caused the injury, a remedy directed against him will not relieve the injury.").

### C. Failure to State a Claim

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of

12

constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Defendants argue that the Plaintiff has not alleged any facts showing that the Defendants' actions deprived him of due process or that they owed him a duty such that they were negligent under North Carolina law. [Doc. 28 at 16-24].

As the Court explained *supra*, the Plaintiff has failed to adequately allege that the Defendants had the authority to release him from custody. Accordingly, he has failed to adequately demonstrate that the Defendants owed him any process, deprived him of any right, or injured him under color of state law. See Iqbal, 556 U.S. at 678 ("naked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss). For the same reasons, he has failed to adequately demonstrate that the Defendants owed him a duty under North Carolina law such that they were negligent for failing to carry out a duty. See Stein v. Asheville City Bd. of Educ., 360 N.C. 321, 626 S.E.2d 263, 267 (2006) ("In the absence of a legal duty owed to the plaintiff," a defendant "cannot be liable for

13

negligence")(quoting Cassell v. Collins, 344 N.C. 160, 472 S.E.2d 770 (1996), abrogated on other grounds by Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882 (1998)); see also Steele v. City of Durham, 782 S.E.2d 331, 334 (N.C. Ct. App. 2016) (whether a legal duty exists is a question of law for the court to decide). Accordingly, the Defendants' Motion to Dismiss will be granted for failure to state a claim.

### D. Qualified Immunity

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

Here, because the Plaintiff has not adequately alleged that any Defendant violated a constitutional right, they are also entitled to qualified immunity. Accordingly, the Defendants' Motion to Dismiss will also be granted on this ground as well.

**E.    Request for Injunction**

Finally, the Plaintiff has filed a "Request for Injunction" in which he asks the Court to enjoin his present prison, Foothills CI, from delaying and reviewing his outgoing legal mail. [Doc. 31].

Courts generally lack authority to enjoin third parties not before it. See Fed. R. Civ. P. 65(c)(2). "A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." Wright & Miller, supra, § 2956; R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999) ("Injunctive relief, by its very nature, can only be granted in an in personam action commenced by one party against another in accordance with established process."). No Foothills CI employee is a defendant in this action; therefore, the Plaintiff's request for injunctive relief with respect to the Foothills CI is denied.

15

## V. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss is granted on the grounds that the Plaintiff lacks standing and has failed to state a claim upon which relief can be granted. The Plaintiff's Request for Injunction is denied. The Clerk will be instructed to close this case.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Motion to Dismiss [Doc. 27] is **GRANTED**, and the Plaintiff's Complaint is hereby **DISMISSED**.

2. The Plaintiff's "Request for Injunction" [Doc. 31] is **DENIED**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge